IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFOPRO GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-15C |
| v. | ) | |
| | ) | (Judge Smith) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS

Defendant respectfully requests that the Court suspend further proceedings in this matter pending the resolution of an investigation by the Department of Veterans Affairs ("VA") Office of Inspector General ("OIG") into allegations of criminal over-billing in connection with contracts for medical transcription services between plaintiff InfoPro Group, Inc. ("InfoPro") and VA. Defendant's counsel discussed this motion with plaintiff's counsel, but plaintiff's counsel was unable to state whether plaintiff would oppose this motion without consulting his client who was not available. In support of this motion, defendant relies upon the following memorandum and the declaration of Carl Scott, a criminal investor employed by the VA OIG. Def. App. 1-2.[1]

DEFENDANT'S MEMORANDUM

This suit, filed January 12, 2007, involves a contract dispute arising under the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613, between InfoPro and the VA. The complaint in this action concerns Contract No. V259P-0047 (the "contract"), awarded by the VA to InfoPro on April 25, 2003. Complaint, ¶ 3. The contract required InfoPro to provide medical

[1] "Def. App. __" refers to the page numbers of the referenced document contained in defendant's appendix which is attached to this motion to stay proceedings.

transcription services to various VA facilities. Id.

InfoPro's complaint alleges that InfoPro's contract with the VA relies upon a visible line methodology in which InfoPro invoices are calculated by multiplying a fixed-fee by the number of visible lines of transcription. Complaint, ¶ 18. InfoPro further alleges that VA breached the contract by rejecting InfoPro's bills that were calculated according to the number of visible lines. Complaint, ¶¶ 42-44. As a result, InfoPro alleges that it is entitled to additional compensation. Complaint, ¶ 45. InfoPro further alleges that VA breached its contract with InfoPro by improperly penalizing InfoPro for failing to meet "Turn Around Time" ("TAT") performance requirements.

The VA's OIG currently is investigating InfoPro and its transcription contracts with VA. Def. App. 1, ¶ 2. The investigation concerns allegations of criminal fraud in connection with transcription invoices submitted to VA by InfoPro. Def. App. 2, ¶ 4. It is possible that the OIG investigation may find grounds for a criminal prosecution concerning certain invoices submitted to the VA by InfoPro. In addition, if sufficient evidence were developed, the United States may decide to bring claims under the False Claims Act, 31 U.S.C. §§ 3729-3733, the Contract Disputes Act, 41 U.S.C. § 604, or other appropriate civil fraud statutes.

Federal courts have recognized the wisdom of staying a civil action pending a criminal investigation and possible prosecution in order to avoid the conflicts inherent in concurrent proceedings. Luigi Goldstein, Inc. v United States, 217 Ct. Cl. 733, cert. denied, 439 U.S. 1002 (1978); Litton Systems, Inc. v. United States, 215 Ct. Cl. 1056 (1978); Peden v. United States, 206 Ct. Ct. 329, 512 F.2d 1099 (1975).

In Peden, the Court of Claims articulated the sound policy against proceeding with civil

actions when parallel criminal investigations are taking place, stating:

> We believe it has long been the practice to "freeze" civil proceedings when a criminal prosecution involving the same facts is warming up or under way . . . .
>
> [This practice] . . . rises out of a sense that deferrable civil proceedings constitute improper interference with the criminal proceedings if they churn over the same evidentiary material.

Peden v. United States, 206 Ct. Cl. at 338, 512 F.2d at 1103.

In Litton, where the contractor was seeking payment under a contract that had been under investigation for fraud, the Court of Claims noted:

> It seems clear that in the resolution of this suit the court will have to determine whether [the contractor's] claim was false or fraudulent and that this determination will require a great deal of overlap of witnesses and other evidence with the criminal prosecution. . . .

Litton v. United States, 215 Ct. Cl. at 1057-58. The Court of Claims stayed the civil action, pending a determination of whether a criminal prosecution could be undertaken. Id. Similarly, in Luigi Goldstein, the Court of Claims held that a stay would be appropriate, stating that it "is reluctant to require the Government to proceed in civil litigation when related criminal procedures are still in progress." 217 Ct. Cl. at 734.

In deciding whether to suspend civil proceedings because of a pending criminal investigation, courts consider three factors. First, whether there is a "clear showing, by direct or indirect proof that the issues in the civil action are 'related' as well as 'substantially similar' to the issues in the criminal investigation." Ampetrol, Inc. v. United States, 30 Fed.Cl. 320 (1994) (citing St. Paul Fire & Marine Ins. Co. v. United States, 24 Cl.Ct. 513, 515 (1991)). Second, the moving party must "make a clear showing of hardship or inequity if required to go forward with

the civil case while the criminal investigation is pending." Id. "Third, the movant must establish 'that the duration of the requested stay is not immoderate or unreasonable.'" Id.

Here, all three of these factors demonstrate that the Court should stay this action. First, the Government's investigation of alleged criminal fraud involves over-billing by inflating the line count when billing for transcription services which is the same issue as alleged in plaintiff's complaint. Def. App. 2, ¶ 4. As a result, the Government's investigation likely will extend to witnesses and evidence that would be before the Court in connection with InfoPro's complaint. Def. App. 2, ¶ 4. Second, a stay is necessary to prevent hardship upon the Government. If the plaintiff is allowed to conduct civil discovery, plaintiff may be able to use the broader discovery available in the civil case to aid it in its defense of the criminal case. Moreover, the Government needs to wait until the investigation is completed to determine the extent of any counterclaims against InfoPro prior to responding to InfoPro's complaint. Third, the Government is not asking for an unreasonable stay but only a six month stay which will allow the Court to reevaluate the situation in six months depending on the progress of the criminal case. This request is reasonable because the Government currently expects to decide whether to file a formal criminal case against InfoPro this summer. Def. App. 2, ¶ 5.

Accordingly, we respectfully request that the Court stay this civil action for six months pending the resolution of the pending criminal investigation and decision on possible prosecution in order to avoid the conflicts inherent in concurrent and parallel civil and criminal proceedings.

## CONCLUSION

For the foregoing reasons, defendant requests that this Court suspend further proceedings in this case for six months pending the conclusion of the criminal investigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tel: (202) 307-0315
Robert.Bigler@usdoj.gov

Attorneys for Defendant

May 11, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May 2007, a copy of the foregoing "DEFENDANT'S MOTION TO SUSPEND PROCEEDINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler