IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFOPRO GROUP, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07-15 |
| v. | ) | |
| | ) | (Judge Smith) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

As its answer to the complaint, defendant admits, denies, and avers as follows:

1. Admits.

2. The allegations contained in paragraph 2 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

3. Admits.

4. Admits the allegations contained in paragraph 4 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 4 are denied.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 6 are denied.

7. Admits the allegations contained in paragraph 7 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations

contained in paragraph 7 are denied.

8. The allegations contained in paragraph 8 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

10. The allegations contained in paragraph 10 constitute plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

11. Admits the allegations contained in paragraph 11 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 11 are denied.

12. Admits the allegations contained in paragraph 12 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 12 are denied.

13. Admits the allegation contained in paragraph 13 that, in 2003, VA re-solicited bids for medical transcription services; denies the remaining allegations contained in paragraph 13.

14. Admits.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported by the

documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 16 are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the documents referenced, which are the best evidence of their contents; otherwise the allegations contained in paragraph 17 are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

19. Denies.

20. The allegations contained in paragraph 20 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

21. Denies the allegations contained in paragraph 21 that "InfoPro investigated VA's allegations" for lack of knowledge or information sufficient to form a belief as to their truth; the remaining allegations contained in paragraph 21 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 22 are denied.

23. Admits the allegations contained in paragraph 23 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 23 are denied.

24. Admits the allegations contained in paragraph 24 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 24 are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 25 are denied.

26. The allegations contained in paragraph 26 constitute plaintiff's characterization of the complaint, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

27. Denies.

28. Admits.

29. Admits the allegations contained in paragraph 29 that VA referred InfoPro to the relevant contract language in response to InfoPro's inquiry; denies the remaining allegations contained in paragraph 29.

30. Denies.

31. Admits the allegations contained in paragraph 31 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 31 are denied.

32. Admits the allegations contained in paragraph 32 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 32 are denied.

33. Denies.

34. Admits the allegations contained in the first two sentences of paragraph 34 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in the first two sentences of paragraph 34 are denied. Denies the allegation contained in the third sentence of paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 35 are denied.

36. Admits the allegations contained in paragraph 36 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 36 are denied.

37. Denies.

38. The allegations contained in paragraph 38 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

39. Defendant incorporates by reference its responses to paragraphs 1 through 38 of the complaint.

40. Admits.

41. Denies.

42. Denies.

43. Denies.

44. Denies.

45. Denies.

46. The allegations contained in paragraph 46 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

47. Defendant incorporates by reference its responses to paragraphs 1 through 46 of the complaint.

48. Admits.

49. Denies.

50. Admits the allegations contained in paragraph 50 to the extent supported by the document referenced, which is the best evidence of its contents; otherwise the allegations contained in paragraph 50 are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. Denies.

53. The allegations contained in paragraph 53 constitute conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

54. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 53 of the complaint, or to any relief whatsoever.

55. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that plaintiff’s complaint be dismissed, and grant such other and further relief as the Court may deem

just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-0315
Fax: (202) 514-8624

June 16, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of June 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler