IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| INFOPRO GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 07-15C (Senior Judge Smith) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff (sometimes referred to as "InfoPro") and defendant ("Government") file this Joint Preliminary Status Report setting forth answers to the following questions:

1. Does the Court have jurisdiction over the action?

This Court has jurisdiction pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq.* and the Tucker Act, 28 U.S.C. § 1491.

2. Should the case be consolidated with any other case and, if so, why?

Neither party currently is aware of any reason to consolidate the case with any other case.

3. Should trial of liability and damages be bifurcated and, if so, why?

Neither party currently is aware of any reason to bifurcate the trial of the case.

4. Should further proceedings in this case be deferred pending consideration of another case before this Court or any other tribunal and, if so, why?

Neither party currently is aware of any reason to defer consideration of the case.

5. In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

Neither party currently is aware of any reason to remand or suspend the case.

6. Will additional parties be joined? If so, the parties shall provide a statement describing such parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

Neither party currently is aware of any additional parties to be joined in the case.

7. Does either party intend to file a motion pursuant to RCFC 12(b), 12(c) or 56 and, if so, what is the schedule for the intended filing?

At this time, the parties anticipate filing Rule 56 Motions for Summary Judgment at the close of discovery.

8. What are the relevant factual and legal issues?

Plaintiff believes the relevant issues to be as follows:

(a) Whether the proper line count methodology in Contract No. V259P-0047 is the number of visible lines contained in each transcription report.

(b) Whether the VA contracting office has adopted InfoPro's interpretation of identical contract language in connection with other contracts for medical transcription services.

(c) Whether the Contracting Officer's visible line count for the sample job matched the line count in InfoPro's bills.

(d) Whether InfoPro is entitled to $318,997.38 (not including interest) based on the application of the proper billing methodology.

(e) Whether the Government erroneously deducted 20% from certain invoices for an alleged failure to meet the with Turn Around Time ("TAT") requirements contained in Contract No. V259P-0047.

(f) Whether InfoPro entitled to $32,078.54 plus interest based on the incorrect assessment of TAT penalties.

Defendant believes the relevant issues to be as follows:

(a) The proper line count methodology stated in Contract No. V259-0047 and the damages, if any, to which Infopro is entitled.

(b) Whether the Government properly deducted 20 percent from certain invoices as a result of Infopro's alleged failure to meet the TAT requirements contained in the contract and the damages, if any, to which Infopro is entitled.

9. What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties do not preclude the possibility of settlement. However, settlement does not appear likely at this time.

10. Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

At this stage in the litigation, neither party is certain whether the case will proceed to trial or will be resolved on a dispositive motion of either party. The requested place of the trial shall be Washington, D.C.

11. Are there special issues regarding electronic case management needs?

Not at this time.

12. Is there any other information of which the Court should be aware at this time?

Not at this time.

13. The parties propose the following discovery schedule:

| | |
|---|---|
| Mandatory Initial Disclosures | August 21, 2008 |
| Disclosure of Expert Reports | June 26, 2009 |
| Discovery Closes | August 28, 2009 |
| Dispositive Motions | October 30, 2009 |

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

**ALSTON & BIRD LLP**

By: s/ Jeffrey A. Belkin
Jeffrey A. Belkin
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000 (telephone)
(404) 881-7777 (facsimile)

*Attorney for InfoPro Group, Inc.*

s/ Robert C. Bigler
Robert C. Bigler
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.,
Attention: Classification Unit
8th Floor
Washington, D.C. 205230
(202) 307-0315 (telephone)
(202) 514-8624

*Attorney for Defendant*

August 7, 2008

CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of August, 2008, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler